OPINION
On August 16, 1996, Raymond Wesley, Sr. filed a Member Beneficiary Designation Prior to Service Retirement form with appellee, the Public Employees Retirement Systems of Ohio. Mr. Wesley, Sr. designated his daughter, appellant, Deborah Parker, as his beneficiary. On April 16, 1997, Mr. Wesley, Sr. applied for retirement benefits. In his application for retirement benefits, Mr. Wesley, Sr. designated Etta Y. Gant and Raymond Wesley, Jr. as beneficiaries. Mr. Wesley, Sr. died on November 21, 1997. On December 22, 1997, appellant filed a complaint against appellee claiming to be the designated beneficiary. Subsequently, Ms. Gant and Mr. Wesley, Jr. intervened in the action. On October 18, October 25, and November 1, 1999, appellant, Ms. Gant and Mr. Wesley, Jr. filed motions for summary judgment, respectively. By judgment entry filed December 1, 1999, the trial court granted all motions, finding the April 16, 1997 beneficiary designation to be the only proper designation received by appellee. Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED WHEN THEY SUSTAINED THE STATE OF OHIO MOTION FOR SUMMARY JUDGMENT, DELETING TRIAL BY JURY, BY PERMITTING IRRELEVANT TESTIMONIES BY PREJUDICIAL PARTIES, WHO AIM'S WERE TO CONFUSE EVIDENCE AND MISLEAD THE COURT BY MEANS OF MISREPRESENTATION, AND CONFLICTS OF INTEREST.
 II ABUSE OF DISCRETION — THE TRIAL COURT ABUSED IT'S DISCRETION WHEN THEY OVERLOOKED THE FACT THE APPELLANT WAS FIRST AND LAST BENEFICIARY.
 III ABUSE OF DISCRETION — THE TRIAL COURT ABUSED IT'S DISCRETION WHEN THEY PERMITTED APPELLEES TO INTRODUCE IRRELEVANT EVIDENCE FROM APPELLEE RAYMOND WESLEY JR., IN DEPOSITION, WHEN HE AND MY FORMER ATTORNEY WILLIAM CHRISOFF CONSPIRED TOGETHER TO INFLICT EVIDENCE TO CONFUSE, MISLEAD, AND SUBSTANTIALLY PREJUDICE THE COURT AGAINST THE APPELLANT.
 IV ABUSE OF DISCRETION — THE TRIAL COURT ABUSED IT'S DISCRETION WHEN THEY ALLOWED STAN RUBIN TO REPRESENT RAYMOND WESLEY JR., SINCE HE REPRESENTED RAYMOND WESLEY SR. AND RAYMOND WESLEY JR. IN THE DIVORCE CLAIM INVOLVING PUBLIC EMPLOYEES RETIREMENT SYSTEMS OF OHIO IN CASE NO. 1997DR00688 EVELYN WESLEY VS. RAYMOND WESLEY AND PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO ET, AL.
 I, II, III
These assignments of error challenge the trial court's granting of summary judgment to appellees and entering judgment in their favor. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In her complaint filed December 22, 1997, appellant prayed that she be designated the beneficiary of her father's PERS and deferred compensation benefits. On October 26, 1999, appellant filed an amended complaint without leave of court pursuant to Civ.R. 15(A). This complaint included claims for breach of contract, fraud, mental harassment and relief from summary judgment. By judgment entry filed November 12, 1999, the trial court struck the amended complaint. We note the trial court granted summary judgment based upon the issue of designated beneficiary. The issues raised in appellant's amended complaint have not been addressed via summary judgment and are separate and distinct from the summary judgment sub judice. These issues could be raised in a subsequent proceeding. For purposes of this appeal, we will review the granting of summary judgment on the issue of designation of beneficiary. Appellees' summary judgment motions were predicated upon Mr. Wesley Sr.'s April 16, 1997 application for retirement and designation of beneficiary, R.C. 145.43(D), R.C. 145.46(G) and Ohio Adm. Code 145-15-01(A). The undisputed facts are as follows:
1) On August 16, 1996, Mr. Wesley, Sr. filed a Member Beneficiary Designation Prior to Service Retirement form with appellee naming appellant as his beneficiary. See, Exhibit D attached to Appellee's Motion for Summary Judgment filed October 18, 1999.
2) On April 16, 1997, Mr. Wesley, Sr. filed an application for retirement choosing "Plan B." Said plan provided for any remaining balance after Mr. Wesley, Sr.'s death to be paid to beneficiaries. Mr. Wesley, Sr. designated Ms. Gant and Mr. Wesley, Jr. as beneficiaries. See, Exhibit A attached to Appellee's Motion for Summary Judgment filed October 18, 1999.
3) On April 29, 1997, Mr. Wesley, Sr. executed an affidavit certifying that he informed his spouse of his plan selection and that she was not the designated beneficiary. See, Exhibit B attached to Appellee's Motion for Summary Judgment filed October 18, 1999.
4) On August 7, 1997, appellee informed Mr. Wesley, Sr. that his benefit plan was effective May 1, 1997 and confirmed that his chosen beneficiaries were Ms. Gant and Mr. Wesley, Jr. See, Exhibit E attached to Appellee's Motion for Summary Judgment filed October 18, 1999.
5) Mr. Wesley, Sr. made no changes with appellee prior to his death on November 21, 1997.
6) Following Mr. Wesley, Sr.'s death, a second application for retirement was received by appellee. This application was purportedly signed by Mr. Wesley, Sr. on November 14, 1997, and designated appellant as a beneficiary. See, Exhibit G attached to Appellee's Motion for Summary Judgment filed October 18, 1999.
7) Mr. Wesley, Sr. cashed benefits prior to his death. See, Exhibits E and F attached to Appellee's Motion for Summary Judgment filed by October 18, 1999.
The single issue before us is whether the second application designating appellant as a beneficiary is enforceable. We answer this question in the negative for the following reasons. R.C. 145.43(D) states any amount due and owing after a retirant's death "shall be paid to the beneficiary designated in writing on a form approved by the board, signed by the retirant and filed with the board." Although Mr. Wesley, Sr. had previously designated appellant as his beneficiary, he made a change in his application for retirement. Said form includes the language "by completing a form provided by PERS, you may change your plan of payment and/or beneficiary at any time before you cash your first benefit warrant." We note Mr. Wesley, Sr. followed the requirements of R.C. 145.46
in choosing a plan upon retirement and providing the required spousal acknowledgment. R.C. 145.46(G) provides that "[a] retirant's receipt of his first month's retirement allowance constitutes his final acceptance of the plan of payment and may be changed only as provided in this chapter." A change in beneficiary designation after retirement and payment by appellee may only occur under R.C. 145.46(D)(2) and (E). These sections do not apply sub judice as they pertain to annulment, divorce, dissolution, marriage or remarriage after retirement. Upon review, we find the only beneficiary designation "in effect" at the time of Mr. Wesley Sr.'s death on November 21, 1997 is the designation dated April 16, 1997. Therefore, we conclude the trial court was correct in granting summary judgment to appellees and in dismissing appellant's complaint. Assignments of Error I, II and III are denied.
 IV
Appellant claims it was error to permit Attorney Stanley Rubin to represent Mr. Wesley, Jr. given that he represented Mr. Wesley, Sr. in his divorce. We disagree. The appropriate venue to resolve the issue of a potential conflict of interest in a case is at the trial court level. We note the issue was not raised sub judice. Because an appellate court need not consider an error which a party could have brought to the attention of the trial court, but did not, this issue is waived upon appeal. State v. Awan (1986), 22 Ohio St.3d 120. Even when addressed by the trial court, the standard is one of abuse of discretion. Upon review, we decline to rule on this issue given the fact it was not before the trial court. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 ____________ Farmer, J.
Hoffman, P.J. and Reader, V.J. concur.